## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEMETRIUS THOMAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:22-cv-00298-HEA** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Demetrius Thomas's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255  [Doc. 1].  The Government has filed a response in opposition. [Doc. 12].  The motion is fully briefed and ready for disposition.  For the reasons stated below, the motion is denied, and this matter is dismissed with prejudice.

## BACKGROUND

On October 3, 2019, Thomas was indicted by the Grand Jury for the Eastern District of Missouri on four charges:  Count 2 - possession with intent to distribute Schedule I and Schedule II controlled substances (heroin, cocaine, cocaine base, and methamphetamine); Count 3 - possession with intent to distribute marijuana; Count 4 - possession of a firearm in furtherance of a drug trafficking crime; and

Count 5 - felon in possession of a firearm.[1]  *United States v. Thomas*, 4:19-cr-00822-HEA (E.D. Mo.), [Docs. 1 at 1-3, 104 at 2].  The maximum penalties included:  Count 2 - imprisonment of not more than 20 years and a fine of not more than $1,000,000; Count 3 - imprisonment of not more than 5 years and a fine of not more than $250,000; Count 4 - imprisonment of not more than 5 years, to be served consecutively to any other sentence imposed, and a fine of not more than $250,000; and Count 5 - imprisonment of not more than 10 years and a fine of not more than $250,000.  [Doc. 14].[2]

### *Plea Agreement*

On May 4, 2021, Thomas executed a written guilty plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  [Doc. 104].  In exchange for a guilty plea to Count 2, the Government agreed to dismiss Counts 3, 4, and 5 and "that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment."  [*Id.* at 1].

The statutory penalties were set forth in the plea agreement as follows:

Defendant fully understands that the maximum possible penalty provided by law for the crime[] to which Defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such

---

[1] The charge in Count 1 pertained only to a co-defendant.

[2] All citations to the record refer to the underlying criminal case, *United States v. Thomas*, 4:19-cr-00822-HEA (E.D. Mo.), unless otherwise stated.

imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

[*Id.* at 4].

The parties agreed that the total amount of controlled substances possessed by Thomas resulted in a base level offense of 22 and that two levels should be added because he maintained a drug premise.  [*Id.* at 5].   Further, under the agreement, Thomas would receive a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1 (a) and (b)(2).  [*Id.*].

The parties acknowledged that, depending on his criminal history, he could be classified as a career offender resulting in a higher total offense level and a criminal history category of VI.  [*Id.* at 6].  The Government stated its belief that Thomas is a career offender.  [*Id.*].  The determination of Thomas's criminal history category was left to the Court.  [*Id.*].  The parties agreed to jointly recommend a sentence of 115 months imprisonment, regardless of whether Thomas was classified as a career offender.  [*Id.* at 2, 7].   Further, the parties agreed that "the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement."  [*Id.* at 6-7].

### *Change of Plea Hearing*

On May 12, 2021, Thomas entered a plea of guilty to possession with intent to distribute heroin, cocaine, cocaine base, and methamphetamine (Count 2) in accordance with the plea agreement. [Doc. 103]. The Court accepted the guilty plea and the guilty plea agreement. [*Id.*].

### *Presentence Investigation Report*

The United States Probation Office prepared a Presentence Investigation Report ("PSR"). [Doc. 107]. Because Thomas had two prior felony convictions of either a crime of violence or a controlled substance, he was classified as a career offender. [*Id.* at 9]. The offense level for a career offender is 32. [*Id.*]. He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 29. [*Id.*]. Thomas's total criminal history score was 15, which established a criminal history category of VI. [*Id.* at 19]. Additionally, criminal history category VI applied based on his classification as a career offender. [*Id.*]. With a total offense level of 29 and a criminal history category of VI, Thomas's guideline imprisonment range was 151 to 188 months. [*Id.* at 26].

### *Sentencing Hearing*

During the sentencing hearing on September 13, 2021, the Court adopted as its findings of fact the factual statements in the PSR. [Docs. 117, 134 at 3-4]. The Court also adopted, as its additional findings, the sentencing guidelines

4

calculations in the PSR of a total offense level of 29, a criminal history category

of VI, and a sentencing guideline range of 151 to 188 months.  [*Id.* at 4].  The

parties asked the Court to follow the plea agreement and impose the joint

recommended sentence of 115 months.  [*Id.* at 4-5].  The Court followed the plea

agreement and sentenced Thomas to 115 months imprisonment.  [Docs. 118, 134

at 6].

## *28 U.S.C. § 2255 Motion*

On March 11, 2022, Thomas filed the instant motion pursuant to 28 U.S.C.

§ 2255 to vacate, set aside, or correct his sentence, alleging two claims of

ineffective assistance of counsel.  [Petitioner's § 2255 Motion, Doc. 1].  The first

claim is that defense counsel allowed the Court to classify him as a career offender

on the basis of a non-violent felony.  [*Id.* at 4].  The second claim is that defense

counsel failed to inform him that his prior felonies could have been expunged to

lower his criminal history score.  [*Id.*].

## LEGAL STANDARDS

### *28 U.S.C. § 2255*

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a

sentence imposed against him on grounds that "the sentence was imposed in

violation of the Constitution or law of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law or is otherwise subject to collateral attack."  28

U.S.C. § 2255.  To obtain relief under § 2255, the petitioner must establish a

violation constituting "a fundamental defect which inherently results in a

complete miscarriage of justice."  *United States v. Gomez*, 326 F.3d 971, 974 (8th

Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir.

1989)).  Section 2255 is not designed to provide a remedy for "all claimed errors

in conviction and sentencing."  *United States v. Addonizio*, 442 U.S. 178, 185

(1979).  The petitioner bears the burden of proof as to each asserted ground for

relief.  *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless

"the motion, files, and records of the case conclusively show that the movant is not

entitled to relief."  *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013)

(citing 28 U.S.C. § 2255(b)).  The motion "can be dismissed without a hearing if

(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to

relief, or (2) the allegations cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than

statements of fact."  *Engelen v. U.S.*, 68 F.3d 238, 240 (8th Cir. 1995).

### *Ineffective Assistance of Counsel Claims*

The Sixth Amendment establishes the right of the criminally accused to

the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686

(1984). To prove a claim of ineffective assistance of counsel, the petitioner must show that (1) his counsel did not perform to the degree of skill of a reasonably competent attorney, and as a result, (2) he was prejudiced. *Id.* at 687. Failure to satisfy either of the *Strickland* prongs [performance or prejudice] is fatal to the claim. *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) ("If the petitioner makes an insufficient showing on one component, the court need not address both components.").

"*Strickland*'s first prong sets a high bar." *Buck v. Davis*, 580 U.S. 100, 118 (2017). An attorney's performance is not constitutionally deficient "unless it is outside the 'wide range of reasonable professional assistance.'" *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689). "It is only when the lawyer's errors were so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment that *Strickland*'s first prong is satisfied." *Id.* (quoting *Buck*, 580 U.S. at 118-119 (cleaned up)). The Court makes "every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (cleaned up). The starting point for this analysis is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 689). A petitioner "bears the burden to overcome the strong presumption that

counsel's performance was reasonable." *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013).

A court need not determine whether a movant meets the performance prong of *Strickland*, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Strickland*, 466 U.S. at 697. "[T]he prejudice prong requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (cleaned up). This inquiry depends on the likelihood of success if the alleged error were corrected. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## DISCUSSION

### *28 U.S.C. § 2255 Motion*

Thomas asserts two claims of ineffective assistance of counsel related to his criminal history and its effect on his sentence. [Petitioner's § 2255 Motion, Doc. 1]. For the reasons set forth below, his claims fail the performance and prejudice prongs of *Strickland*.

**Ground 1:  Defense counsel was ineffective for allowing the Court to classify Thomas as a career offender on the basis of" a non-violent felony.**

"The career offender provision of the guidelines applies if a defendant has two prior felony convictions for either a crime of violence or a controlled substance offense." *United States v. Yates*, 344 F. App'x 292, 293 (8th Cir. 2009).

8

A crime of violence is an any offense under federal or state law, punishable by a term of imprisonment exceeding one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.*

In his memorandum in support of his motion, Thomas argues counsel was ineffective when he failed to object to the use of his conviction for resisting arrest by flight as a crime of violence to support his classification as a career offender. Without that classification, he believes he would have faced a significantly lower sentence.

According to the PSR, Thomas was classified as a career offender based on convictions for "Resisting Arrest under Docket Number 2102R-06284-01 and Possession with Intent to Distribute Marijuana under Docket Number 2103R-06074-01)." [Doc. 107 at 9].  The resisting arrest conviction was a felony.  [*Id.* at 13].  Under Missouri law, at the time of the conviction, resisting arrest was a felony only if the resistance was by means *other than flight* and the arrest being resisted was a felony.  § 575.150 RSMo. (1996).  Under § 575.150, if resistance was not by flight it had to be "by using or threatening the use of violence or physical force. . . ."  The felony conviction for resisting arrest thus fits the

9

definition of a crime of violence.  As a result, there was no error in the use of that conviction to classify Thomas as a career offender.  It is not "professionally unreasonable for counsel to fail to object to the correct application of settled law." *Anderson v. U.S.*, 762 F.3d 787, 794 (8th Cir. 2014).

Because there was no error in the career offender classification, Thomas has not demonstrated deficient performance by defense counsel, or that he suffered any prejudice related to counsel's performance.  The claim in Ground 1 is, therefore, denied.

**Ground 2:  Defense counsel was ineffective for failing to inform Thomas that his prior felonies could have been expunged to lower his criminal history score.**

Whether an expunged conviction is counted for criminal history purposes is determined by federal law, not the state law under which it was expunged.  *United States v. Townsend*, 408 F.3d 1020, 1024 (8th Cir. 2005).  "Some expunged convictions do not count, like those based on constitutional invalidity, innocence, or a mistake of law.  *United States v. Phillips*, 124 F.4th 522, 526 (8th Cir. 2024) (cleaned up).  "Others do, when the reason is permitting a clean start or restoring some civil rights."  *Id.* at 526-27 (cleaned up).  "Thus, when determining whether a conviction is expunged under the Guidelines, a court must examine the basis for the expunction."  *Townsend*, 408 F.3d at 1024 (cleaned up).

Thomas claims defense counsel was ineffective because he did not advise him that his convictions could be expunged to lower his criminal history score.  He offers no argument or authority in support of this claim.  Without a showing that his convictions were expungable and the basis upon which the convictions could have been expunged, he cannot show a reasonable probability that the result would have been different.

Further, because Thomas was classified as a career offender placing him in a criminal history category of VI, he would have to show that the two Missouri convictions supporting that finding could have been expunged.  Under Missouri's expungement statute, § 610.140 RSMo., one of the criteria is that the person does not have pending charges.  § 610.140.6(4) RSMo.  Thus, the Missouri convictions were not eligible for expungement.  It is not ineffective assistance of counsel to fail to raise a meritless issue because such an omission meets an objective standard of reasonable competence and does not prejudice the defendant. *See, e.g., Brown v. U.S.*, 311 F.3d 875, 878 (8th Cir. 2022) ("counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance").

Because counsel was not ineffective for failing to raise expungement, Thomas has not demonstrated deficient performance by defense counsel, or that he suffered any prejudice related to counsel's performance.  The claim in Ground 2 is, therefore, denied.

11

## CONCLUSION

For the reasons stated, Thomas has not demonstrated any errors by defense counsel that fall outside the wide range of reasonable professional assistance. Nor has he established any prejudice that he suffered as a result of any alleged deficiencies in counsel's performance. As a result, his claims of ineffective assistance of counsel fail both prongs of the *Strickland* test. And, because his allegations are conclusively refuted by the record and based on speculation, Thomas is not entitled to a hearing on the motion.

## CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *Id*. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be

debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Miller-El*, 537 U.S. at 335-36.

Courts reject constitutional claims either on the merits or on procedural grounds. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Having thoroughly reviewed the record in this case, the Court finds that Thomas has failed to make a "substantial showing" of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, [Doc. 1], is **DENIED** without a hearing.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in the § 2255 motion because

13

Thomas has not made a substantial showing of the denial of a constitutional right.

*See* 28 U.S.C. § 2253(c)(2).

Dated this 31st day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE